IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROY MORRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL NO. 05-789-WDS |
| | ) |
| **WALLIS OIL CO., INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are defendant's motion to dismiss (Doc. 3) and motion to transfer venue on the basis of forum non conveniens (Doc. 6), to which plaintiff has responded and defendant replied, and plaintiff's motion for leave to file an amended complaint (Doc. 9).

BACKGROUND

Plaintiff was hired in October 2001 as a manager of a retail facility located in St. Peters, Missouri. The parties dispute whether plaintiff was employed by Arch Energy, L.C. (hereafter "Arch") or defendant, Wallis Oil Company, Inc., and further dispute which of these entities actually operated the facility where plaintiff was employed. Plaintiff was 49 years of age at the time he was hired. On December 28, 2004, plaintiff, then age 53, was terminated. He alleges that he was wrongfully discharged on the basis of his age, in violation of the Older Workers Protection Act, 29 U.S.C. §§ 621-634 (hereafter "OWPA"). Defendant maintains that Arch terminated plaintiff's employment due to his failure to follow company policy and that Wallis Oil did not terminate him.

Plaintiff resides in the Southern District of Illinois. Defendant regularly operates a gas and diesel business in the Southern District of Illinois, although it is a resident of the Eastern District of Missouri and has its headquarters in Cuba, Missouri. The defendant filed a motion to transfer venue on the basis of forum non conveniens, seeking transfer to the Eastern District of Missouri. Plaintiff asserts that his choice of forum should not be disturbed in light of the short distance separating the two districts, and disputing that the convenience of the parties and interest of justice require transfer. Defendant has also filed a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant claims that plaintiff was not, and has never been, an employee of defendant; rather, defendant maintains that plaintiff was employed by Arch. In support of its motion, defendant has offered the affidavit of Becky Smith, Director of Human Resources for The Wallis Group Companies. In response, plaintiff asserts there are deficiencies in Smith's affidavit and has attached the counter-affidavit of plaintiff, who contends that he was employed by defendant and that defendant provided his 401(k), including matching funds, and provided his health insurance.

## ANALYSIS

### I.   Motion to Dismiss

Because the parties rely on matters outside the pleadings, Rule 12(b)(6) provides that the Court must construe defendant's motion to dismiss as a motion for summary judgment under Rule 56. Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A court

should view the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). If reasonable minds could differ as to the inferences possible from the evidence, a court should deny summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). Under the OWPA, claims are subject to dismissal for failure to state a claim absent a showing by plaintiff of an actual or prospective employment relationship between the parties. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

Here, there appears to be a genuine issue of material fact as to whether plaintiff was employed by defendant, as alleged by defendant, or by Wallis Oil. Plaintiff has provided a copy of correspondence dated January 5, 2005, from his 401(k) pension provider with the notation "RE: WALLIS OIL COMPANY, INC." prominently printed above the salutation. In addition, plaintiff has produced a copy of correspondence dated February 10, 2005, from his health insurance provider, which indicates that plaintiff's employer was "WALLIS" or "Wallis Company." Defendant has, however, offered the affidavit of Smith, who asserts that plaintiff never worked for defendant.

Notwithstanding the deficiencies in Smith's affidavit alleged by plaintiff, to resolve the conflicting affidavits would require the Court to step into the factfinder's shoes and make the credibility determinations and weigh the evidence in their stead. On a motion for summary judgment, "the court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770 (*quoting Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)).  Here, there clearly is a material dispute of fact such that a reasonable factfinder could find for the plaintiff.

Although further discovery may resolve this issue at a later date, there is a clear issue of material fact that precludes summary judgment. Accordingly, defendant's motion to dismiss, construed as a motion for summary judgment is **DENIED**.

### II. Venue

Under 28 U.S.C. § 1404(a), a district court may upset the plaintiff's choice of forum by transferring a case to another federal district or division where it might have been brought if the court determines that such a transfer is for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a); *In re Joint Eastern & Southern Districts Asbestos Litigation*, 22 F.3d 755, 762 (7th Cir. 1994). The statute reflects a desire to try federal civil suits "at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The purpose of § 1404(a) "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Id*. (*quoting Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26-27 (1960)).

The term "interest of justice" within the meaning of § 1404(a) includes concern for ensuring speedy trials, trying related litigation together, and having a judge who is familiar with applicable law. *Heller Financial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir. 1989). A defendant seeking a transfer is obligated to "[go] beyond vague generalizations" and to "clearly specify" the witnesses to be called and make a "generalized statement" of their testimony. *Id*. The moving party on a motion to transfer has the burden to show that the convenience of parties and interest of justice favor litigation in the transferee court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). Merely indicating that an alternative

court might be "as convenient" as the transferor court is insufficient. *Id.*

Defendant claims that the Court should transfer venue of this case to the Eastern District of Missouri because "all material events and activities relating to [p]laintiff's termination occurred in the Eastern District of Missouri," the convenience of the parties and interest of justice will best be served by transferring the case to the Eastern District of Missouri. Plaintiff responds that the Court must preserve his choice of forum unless "oppressive and vexatious to the defendant" and "out of all proportion to the plaintiff's convenience." (*quoting In re Ford Motor Co.*, 344 F.3d 648, 651 (7th Cir. 2003)).

Although plaintiff somewhat inflates the level of deference afforded to his choice of forum, the Court agrees with plaintiff that the convenience of the parties and interests of justice are adequately served by litigating in the Southern District of Illinois rather than the Eastern District of Missouri. The two courts are located less than five miles apart, and defendant has provided no evidence that it or its witnesses would be inconvenienced by litigating in the Southern District of Illinois. Like the defendant in *Heller Financial*, 883 F.2d at 1293, defendant has failed to offer anything beyond "vague generalizations" that the relative ease of access to sources of proof favors transfer, or that witnesses will be inconvenienced by testifying in the Southern District of Illinois.

While defendant argues that the location of witnesses in Missouri favors transfer, plaintiff correctly points out that defendant is well positioned to compel its employees to testify, if necessary, in the Southern District of Illinois because of their employment relationship. Plaintiff resides in the Southern District of Illinois. Defendant is registered in and regularly conducts business in the Southern District. That material events relating to plaintiff's termination

may have occurred in the Eastern District of Missouri does not entitle defendant to disregard plaintiff's selected forum and choose for itself a preferred transferee court, *see Hoffman v. Blaski*, 363 US 335, 344 (1960), particularly when the two courts are located only a few miles apart. Like the defendant in *Coffey*, 796 F.2d at 220, at best defendant here has presented evidence that the Eastern District of Missouri might be "as convenient" a forum as the Southern District of Illinois.

## CONCLUSION

Accordingly, the Court **DENIES** defendant's motion to dismiss for failure to state a claim, construed as a motion for summary judgment.  The Court further **DENIES** defendant's motion to transfer venue on the basis of forum non conveniens.  Finally, the Court **GRANTS** plaintiff leave to file an amended compliant within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**

**DATED:   March 8, 2006.**

                                                        **s/ WILLIAM D. STIEHL**
                                                            **DISTRICT JUDGE**